IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY PROTOPAPPAS,

    Petitioner,                   No. CIV S-04-1435 FCD DAD P

    vs.

MATTHEW C. KRAMER,

    Respondent.                ORDER

_____/

        Petitioner's application for a writ of habeas corpus was fully briefed and submitted for decision on December 13, 2004. Before the court are petitioner's motion requesting that the court take judicial notice of related cases and respondent's request for leave to file a supplemental answer.

        Petitioner requests that this court take judicial notice of the following documents filed in this district: Findings and Recommendations filed December 22, 2004, in <u>Coleman v. Board of Prison Terms</u>, case No. CIV S-96-0783 LKK PAN P; Order signed February 11, 2005, in <u>Irons v. Schwarzenegger</u>, case No. CIV S-04-220 LKK/GGH P; Judgment dated January 19, 2005, in <u>Irons</u>; Order dated January 18, 2005, in <u>Irons</u>; Order and Findings and Recommendations filed September 1, 2004, in <u>Irons</u>; Order and Findings and Recommendations filed August 20, 2003, in <u>Yellen v. Butler</u>, case No. CIV S-01-2398 MCE GGH P; and Order

1

filed June 28, 2004, in Yellen. Citing Local Rules 83-123 and 81-190, petitioner asserts that his case is related to the Coleman, Irons, and Yellen cases because the four cases "make the same claim." Petitioner also cites Rule 201 of the Federal Rules of Evidence. Although petitioner suggests that his case should be assigned to "the same Judge or Magistrate," he does not indicate which district judge and which magistrate judge should be assigned to this case. Respondent opposes petitioner's motion on the grounds that the findings made in previous habeas corpus actions challenging the Board of Prison Terms' denial of parole are not a proper subject for judicial notice and that petitioner's request is in effect an attempt to collaterally estop respondent from litigating the issue of bias. In reply, petitioner contends that the court should take judicial notice of the orders and findings and recommendations in Coleman, Irons, and Yellen under Rule 401 as well as Rule 201 because the documents are "relevant evidence."

Petitioner appears to be suggesting that one magistrate judge and one district judge in this district should be assigned to every habeas case in which a petitioner alleges that he was found unsuitable for parole on the basis of an alleged no-parole policy for convicted murderers as well as every habeas case in which a petitioner alleges that the decision to deny parole was not supported by "some evidence." To the extent that petitioner is requesting that his case be related to other cases and reassigned to other judges, the request does not meet the requirements of Local Rules 83-123 and 81-190. To the extent that petitioner seeks judicial notice of the legal analysis or the factual findings contained in other cases, petitioner has not demonstrated that he is seeking judicial notice of matter described in Rule 201 of the Federal Rules of Evidence. Petitioner's motion will be denied.

Respondent seeks leave to file a supplemental answer in order to allege a jurisdictional issue. In opposition to respondent's request, petitioner challenges respondent's legal analysis on the merits. Good cause appearing, the court will grant respondent's request so that respondent may preserve the issue for appeal. Petitioner's opposition to respondent's request will be deemed to be petitioner's reply to respondent's supplemental answer.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 13, 2005 motion requesting judicial notice of other cases is denied;

2. Petitioner's July 6, 2005 motion for extension of time to file a reply to opposition is granted, and the reply filed by petitioner on July 21, 2005, is deemed timely;

3. Respondent's July 19, 2005 request for leave to file a supplemental answer is granted;

4. The Clerk shall file the fourteen-page supplemental answer submitted as Attachment 1 to respondent's July 19, 2005 request, excluding the attachment cover page;

5. Matthew C. Kramer is substituted for M. Knowles as respondent; and

6. Petitioner's July 29, 2005 opposition is deemed to be petitioner's reply to respondent's supplemental answer.

DATED: September 26, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
prot1435.mots