IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY PROTOPAPPAS,

    Petitioner,        No. CIV S-04-1435 FCD DAD P

  vs.

MATTHEW C. KRAMER, Warden,

    Respondent.        ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 2008, the previously assigned District Judge issued an Order that denied the petition for writ of habeas corpus on the merits. Petitioner filed a notice of appeal on August 27, 2008. This Court did not grant or deny a certificate of appealability, because prisoners challenging parole decisions via habeas corpus were not required at that time to obtain said certificates pursuant to governing circuit court precedent. See White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004); Rosas v. Nielsen, 428 F.3d 1229, 1231-32 (9th Cir. 2005).

      On April 22, 2010, the Ninth Circuit issued its decision in Hayward v. Marshall, No. 06-55392, 2010 WL 1664977 (9th Cir. Apr.22, 2010) (en banc). In Hayward, the Ninth Circuit overruled White and Rosas and held, inter alia, that prisoners are required to obtain a

certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board. Id. at *5. Pursuant to its en banc decision in Hayward, on May 19, 2010, the Ninth Circuit remanded this case for the limited purpose of granting or denying a certificate of appealability.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

"The standard for a certificate of appealability is lenient." Hayward, 2010 WL 1664977, at *4. A petitioner need only "show that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (internal quotations omitted). See also Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Barefoot v. Estelle, 463 U.S. 880, 893 (1983); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).[1]

For the reasons set forth in the magistrate judge's May 21, 2008 findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

IT IS SO ORDERED.

DATE: June 4, 2010.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).

2